UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEDRIC EUGENE JOHNSON,

Plaintiff,

v.

BRIAN CATES, et al.,

Defendants.

No. 1:23-cv-00361 GSA (PC)

ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDER

(ECF No. 9)

PLAINTIFF'S SHOWING OF CAUSE OR, IN THE ALTERNATIVE, EITHER VERIFICATION OF CURRENT ADDRESS ON FILE OR A NOTICE OF CHANGE OF ADDRESS DUE **JUNE 20, 2024**

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. ("Cates I"). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, Plaintiff will be ordered to show cause why this matter should not be dismissed for failure to obey a court order. In the alternative, Plaintiff will be given the opportunity either to verify that the address on file is accurate or to file a current address with the Court in compliance with Local Rule 183(b).

I. RELEVANT FACTS

The Court takes judicial notice[1] of the fact that Plaintiff has another case before this Court that is identical to the instant matter: Johnson v. Cates, No. 1:23-cv-0437 KES GSA ("Cates II"). In that matter, an order is pending which recommends that it be dismissed as duplicative of the instant action. See Cates II, ECF No. 11 (findings and recommendation order issued 11/28/23).

In Cates II, On March 22, 2024, the order that reassigned the matter to a different district judge was returned to the Court marked "Undeliverable, Attempted, Not Known, Unable to Forward." Based on this, on March 25, 2024, the undersigned issued an order in the instant matter – Cates I – which directed Plaintiff to file a current address with the Court. Cates I, ECF No. 9. At that time, consistent with Local Rule 183(b), Plaintiff was given until May 24, 2024,[2] to do so. Id. at 2.

II. DISCUSSION

It is Plaintiff's responsibility to keep the Court apprised of his current address at all times. See Local Rule 183(b). If mail that a court sends to a litigant who is representing himself is returned to it, and the litigant fails to notify that court within sixty-three days thereafter of his current address, a court may dismiss the action without prejudice for failure to prosecute. See id.

More than sixty-three days have now passed since the Court ordered Plaintiff to file a change of address with the Court. To date Plaintiff has neither complied with the Court's order nor responded to it. Therefore, Plaintiff will be ordered to show cause why this matter should not be dismissed for failure to obey a court order. In the alternative, Plaintiff may either verify that the current address he has on file is accurate, or he may file a notice of an updated address with the Court. Plaintiff will be given fourteen days to comply with this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days from the date of this order – **by June 20, 2024,** – Plaintiff shall

[1] A court may take judicial notice of its own records. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

[2] This date was sixty-three days from the March 22, 2024, date of return of the Court's order. See Local Rule 183(b).

show cause why this matter should not be dismissed for failure to obey a court order. See Local Rule 183(b), and

2. As an alternative to filing the showing of cause, Plaintiff may either verify that his current address on file is correct, or he may file a notice which informs the Court of his current address.

**Plaintiff is cautioned that failure to comply with this order within the time allotted may result in a recommendation that this matter be dismissed.**

IT IS SO ORDERED.

Dated: **June 6, 2024** **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE