1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SEDRIC EUGENE JOHNSON,                 No.  1:23-cv-0361 KES GSA (PC)

12              Plaintiff,                   FINDINGS AND RECOMMENDATIONS

13       v.                                  ORDER RECOMMENDING MATTER BE
                                             DISMISSED FOR FAILURE TO
14   BRIAN CATES, et al.,                    PROSECUTE

15              Defendants.                  (ECF No. 11)

16                                           PLAINTIFF'S OBJECTIONS DUE **JULY 16,
                                             2024**
17

18
          Plaintiff, a former state prisoner proceeding pro se and in forma pauperis, has filed this
19
     civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United
20
     States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.
21
          For the reasons stated below, the undersigned will recommend that this matter be
22
     dismissed for failure to prosecute.[1]
23

24   _____

     [1]  The five factors identified in Thompson v. Housing Authority of City of Los Angeles, 782 F.2d
25   829, 831 (9th Cir.) cert. denied 479 U.S. 829 (1986) and Henderson v. Duncan, 779 F.2d 1421,
     1423 (9th Cir. 1986) that are typically considered when dismissal for failure to obey a court order
26   or failure to prosecute are not considered in this order.  This is because the Court is not required
     to do so.  See Transamerica Life Ins. Co. v. Arutyunyan, 93 F.4th 1136, 1147 (9th Cir. 2024)
27   (citation omitted) (stating not required to recite and individually discuss factors if record permits
     independent determination of abuse of discretion); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61
28   (9th Cir. 1992), as amended (May 22, 1992) ("Although it is preferred, it is not required that the

                                          1

I.   RELEVANT PROCEDURAL HISTORY

A.  March 2023 Filing of Johnson I and Johnson II

On March 6, 2023, in Johnson v. Cates, No. 1:23-cv-00437 KES GSA ("Johnson II"), Plaintiff's complaint was docketed.[2]  Johnson II, ECF No. 1.  Three days later, on March 9, 2023, a complaint was docketed in this case, hereinafter referred to as "Johnson I."[3]  Johnson I, ECF No. 1.

Shortly thereafter, in this case, Plaintiff filed an application to proceed in forma pauperis, and his six-month prison trust fund account statement.  Johnson I, ECF Nos. 3, 5.  On March 15, 2023, Plaintiff's application to proceed in forma pauperis was granted.  Johnson I, ECF No. 6.

B.  June 2023 Filing of Change of Address

On June 12, 2023, in Johnson II, Plaintiff filed a change of address with the Court.[4]  Johnson II, ECF No. 9.  It appears that as a result, on June 13, 2023, per Clerk of Court procedure, the change of address Plaintiff filed in Johnson II led to the update of Plaintiff's address on the docket in this case, Johnson I.  See Johnson I, ECF No. 8 (Plaintiff's address updated entry docketed by Clerk of Court).

---

district court make explicit findings in order to show that it has considered [the five] factors [in Thompson and Henderson] . . . .");.see also Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 890 n.2 (9th Cir. 2019) (stating same and referencing Ferdik, 963 F.2d at 1261).

The record in this case makes the application of the five factors so clear, that no extended discussion of them is necessary in this situation.  See, e.g., Connecticut General Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (finding same); Transamerica Life Ins. Co., 93 F.4th at 1146-47 (citing Connecticut General Life Ins. Co.) ("It suffices if the district court's analysis, considered in the context of the record as a whole, permits us 'independently to determine if the district court has abused its discretion' in light of these factors.").

The Ninth Circuit will review the record to independently determine if the district court has abused its discretion by dismissing a case.  See Ferdik, 963 F.2d at 1261 (citations omitted); Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (stating not necessary for court to make explicit findings that it has considered five factors; appellate court may review record independently).

[2]  The undersigned notes that an order in Johnson II which recommends that that matter be dismissed as duplicative of Johnson I, is pending.  See Johnson II, ECF No. 11 (November 2023 order and findings and recommendations).

[3]  Although Johnson II was docketed before Johnson I, because Johnson I was assigned the lower case number, it will be referred to in this order as "Johnson I."

[4]  The address indicates that Plaintiff is no longer incarcerated.  See Johnson II, ECF No. 9.

C.  March 2024 Return of Court Order; Order Directing Filing of Change of Address

Nine months later, on March 14, 2024, the Chief Judge issued an order in Johnson II, which reassigned the matter to the currently presiding District Judge.[5]  Johnson II, ECF No. 13. The order was sent to the address that Plaintiff currently has on file.  See id. Shortly thereafter, on March 22, 2024, that order was returned to the Court as "Undeliverable, attempted, Not Known, Unable to Forward."  See Johnson II (docket entry dated March 22, 2024).  As a result, on March 25, 2024, in the instant matter – Johnson I, – the undersigned issued an order directing Plaintiff to file a notice of change of address with the Court.  Johnson I, ECF No. 9.  He was given until May 24, 2024, to do so.[6]  Id. at 2.  To date, Plaintiff has not responded to the Court's order.

D.  June 2024 Relation of Johnson I and Johnson II; Order Assigning Matters to
     Same District Judge

On June 4, 2024, after comparing the content of the complaints in Johnson I and Johnson II, the undersigned determined that the matters were identical in substantive content.  See Johnson I, ECF No. 10 at 2; Johnson II, ECF No. 14 at 2.  As a result, in the interests of judicial economy, the undersigned issued identical orders in both cases that:  (1) related the two matters, and (2) directed the Clerk of Court to assign the same District Judge that was presiding over Johnson II, to the instant matter, Johnson I.  See Johnson I, ECF No. 10 at 3; Johnson II, ECF No. 14 at 3.

E.  June 2024 Issuance of Order to Show Cause

Next, the undersigned considered the fact that Plaintiff had not responded to the March 2024 order issued in Johnson I that had directed Plaintiff to file a current address with the Court. See generally Johnson I, ECF No. 9 (court order).  As a result, on June 6, 2024, the undersigned ordered Plaintiff to show cause why the matter should not be dismissed for failure to obey a court order.  Johnson I, ECF No. 11.  In the alternative, Plaintiff was given a *second* opportunity to file a notice of change of address.  Id. at 3.  He was given until June 20, 2024, to comply with the

---

[5]  Because a District Judge had not been assigned to Johnson I at that time, a reassignment order in this case did not issue.

[6]  The May 24, 2024, date was – consistent with Local Rule 183(b) which governs notices of change of address – sixty-three days from the date the Chief Judge's order was returned to the Court marked "undeliverable."

1  Court's order.  Id. at 2.  To date, Plaintiff has not responded to the Court's order, nor has the

2  showing of cause order has not been returned to the Court.

3      II.   DISCUSSION

4      It is Plaintiff's responsibility to keep the Court apprised of his current address at all times.

5  See Local Rule 183(b).  If mail that a court sends to a litigant who is representing himself is

6  returned to it, and the litigant fails to notify that court within sixty-three days thereafter of his

7  current address, a court may dismiss the action without prejudice for failure to prosecute.  See id.

8      The instant matter, Johnson I, and Johnson II are both Plaintiff's cases.  Consequently,

9  orders from the Court in both matters are sent to the same address.  Just as a notice of change of

10 address filed in one case of many a prisoner-plaintiff may have in this Court, is filed as a courtesy

11 in all of that plaintiff's cases, it is equally reasonable for the Court to presume that when an order

12 sent to a prisoner-plaintiff is returned to the Court marked "undeliverable" in one of several cases

13 he has in this Court, there are deficient address and delivery issues in all of the cases that he has

14 before the Court.

15     In Johnson II, on March 22, 2024, the Chief Judge's reassignment order was returned to

16 the Court marked "undeliverable."  At that point, under the Local Rules, Plaintiff had sixty-three

17 days – or until May 24, 2024, – to file a notice of change of address with the Court in Johnson II

18 and in the instant matter, Johnson I.  See Local Rule 183(b).  As a result, on March 25, 2024, in

19 Johnson I – the instant matter – Plaintiff was ordered to file a notice of change of address,[7] and to

20 do so by May 24, 2024.  Johnson I, ECF No. 9.

21     Plaintiff failed to timely file a notice of change of address with the Court in Johnson I.  To

22 date, he has not responded to the order, and the docket in Johnson I does not indicate that the

23 Court's March 25, 2024, order has been returned to the Court.  Even though the address to which

24 that order was sent is the same one to which the returned order was sent, and the current address

25 the Court has on file may be incorrect, again, it is Plaintiff's responsibility to keep the Court

26

27 [7] Again, an order directing Plaintiff to file a notice of change of address in Johnson II was not
   issued because dispositive findings recommending that Johnson II be dismissed as duplicative of
28 Johnson I were, and still are, pending.  See Johnson II, ECF No. 11.

4

updated with a current address.  His failure to do so, despite having been given more than ample time and opportunity to do so, constitutes a failure to prosecute.  See generally Local Rule 183(b).  For these reasons, the undersigned will recommend that this matter be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that this matter be DISMISSED without prejudice for failure to prosecute.  See Local Rule 183(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations – **by July 16, 2024**, – Plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 2, 2024**                    **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

5