UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEDRIC EUGENE JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN CATES, et al.,<br><br>Defendants. | No. 1:23-cv-00361 KES GSA (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>Doc. 12 |

Plaintiff, a former state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 12, 2023, plaintiff filed a change of address with the court in <u>Johnson v. Cates</u>, No. 1:23-cv-00437-KES-GSA, a duplicative action to the instant action. The Clerk of Court, pursuant to the office's procedure, also updated plaintiff's address in the instant matter. Doc. 8. On March 22, 2024, an order served on plaintiff in Case No. 1:23-cv-0437 was returned to the Court as "Undeliverable, Attempted, Not Known, Unable to Forward."  Therefore, on March 25, 2024, the assigned magistrate judge issued an order in the present action directing plaintiff to file his current address with the court by May 24, 2024.  Doc. 9.  Plaintiff failed to respond to the order.  On June 6, 2024, the assigned magistrate judge ordered plaintiff to show cause by June 20, 2024 why the matter should not be dismissed for failure to obey a court order or, alternatively, to

1

1  verify his current address or file a notice of change of address by that date.  Doc. 11.  Plaintiff
2  failed to respond to the order to show cause.

3  On July 3, 2024, the assigned magistrate judge issued findings and recommendations
4  recommending dismissal of this action, without prejudice, for plaintiff's failure to prosecute this
5  action.  Doc. 12.  ("F&R").  The findings and recommendations were served on plaintiff and
6  contained notice that any objections thereto were to be filed within fourteen days after service.
7  *Id.* at 5.  No objections were filed, and the deadline to do so has expired.

8  In accordance with the provisions of 28 U.S.C. § 636(b)(1), the court has conducted a de
9  novo review of the case.  Having carefully reviewed the file, the court concludes that the findings
10 that plaintiff failed to comply with the court's orders and failed to prosecute his case are
11 supported by the record.  The Ninth Circuit has held that, prior to dismissing a case as a sanction,
12 the court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the
13 court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
14 favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."
15 *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

16 The court has independently considered the *Henderson* factors and finds that they weigh
17 in favor of dismissal.  The public's interest in expeditious resolution of litigation and the court's
18 need to manage its docket weigh in favor of dismissal because the court cannot effectively
19 manage its docket nor can the litigation be expeditiously resolved if plaintiff does not litigate his
20 case.  *See Yourish v. Cal.* Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in
21 expeditious resolution of litigation always favors dismissal.").  Plaintiff has not appeared in this
22 case since March 17, 2023.  Doc. 7.  Moreover, the court has issued several orders requiring
23 plaintiff's action, and plaintiff has not responded to them.  Docs. 9, 11.  As to the third factor, the
24 risk of prejudice to the defendant also weighs in favor of dismissal, given that unreasonable delay
25 in a case gives rise to a presumption of injury to the defendant.  *See, e.g.*, *Anderson v. Air W.,*
26 *Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).  While the fourth consideration, that public policy favors
27 disposition of cases on their merits, generally weighs against dismissal, here it lends little support
28 "to a party whose responsibility it is to move a case toward disposition on the merits but whose

conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted).  Finally, the court's warnings in its orders issued March 25, 2024, and June 6, 2024, that plaintiff's failure to comply with the court's orders would result in dismissal of this action (Docs. 9, 11) satisfies the "considerations of the alternatives" requirement.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Additionally, at this stage in the proceedings there is little else available to the court that would constitute a satisfactory lesser sanction given the court's inability to communicate with plaintiff. *See, e.g., Gaston v. Marean*, 2020 WL 4059200, at *3 (E.D. Cal. July 20, 2020) ("given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address").

      Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations issued on July 3, 2024, Doc. 12, are adopted in full;
2. This matter is dismissed without prejudice for failure to prosecute; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

    Dated:   August 12, 2024

UNITED STATES DISTRICT JUDGE